IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD BUFORD,

                                                    MEMORANDUM
                    Plaintiff,

                                                    04-C-959-C
            v.

JIM SUTTEN, TIM DOUMA and
PAT SIEDSCHLAG,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff has written to request an order requiring prison officials to give him his legal

materials.  Alternatively, plaintiff asks for a copy of the complaint he filed in this case.

Plaintiff acknowledges that this case was dismissed on June 24, 2005, for his failure to

exhaust his administrative remedies.

        It is not my intention to enter an order directing unknown prison officials to give

plaintiff legal property that may or may not be within their possession or control.  If plaintiff

believes that prison officials are violating his right of access to the courts by refusing to give

him legal property, he will have to file a separate lawsuit raising that claim.

        As for plaintiff's alternative request that the court send him a copy of the complaint,

1

I can grant the request so long as plaintiff pays the copying cost, which is $.10 a page for indigent litigants. Plaintiff's complaint is 145 pages long. Therefore, upon receipt of a check or money order made payable to the clerk of court in the amount of $14.50, the clerk will make a copy of plaintiff's complaint for him. Plaintiff should be sure to include a cover letter with his check advising the clerk that the money he is sending is intended to cover the cost of copying his complaint. Otherwise, it will be credited in the court's financial system against the balance of $133.10 that plaintiff still owes under the Prison Litigation Reform Act for filing his complaint.

A quick remark about the balance plaintiff owes. The court's records reflect that after plaintiff paid $1.66 as an initial partial payment of the $150 filing fee on March 8, 2005, he made only two more payments toward his debt, one in the amount of $10.16 on October 18, 2005 and another in the amount of $5.08 on June 28, 2007. If, between March and October 2005, or between October 2005 and June 2007, deposits were made to plaintiff's inmate account and plaintiff nevertheless failed to send 20% of those deposits to this court as 28 U.S.C. § 1915(b)(2) requires, he will not be permitted to file a new lawsuit in forma pauperis until he pays the amount he is in arrears. Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996) (prisoner gives up right to proceed in forma pauperis when he fails to pay obligations under PLRA for reason other than destitution). Therefore, if plaintiff decides to file a new lawsuit, he should include with his request for leave to proceed in forma

2

pauperis a copy of his trust fund account statement beginning in April 2005 and ending shortly before the date on which he submits his proposed new complaint for filing, to show that his failure to make steady payments was the result of destitution, if it was.  Otherwise, he will have to work with prison officials to figure out how many payments he missed and what those payments should have been so that he can bring his account up to date promptly and, in any event, before he files another lawsuit.

Entered this 10th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3